Isaac Allen, Jr., Appellant, *v.* John Todd, Respondent.

(General Term, Fourth Department, January, 1872.)

Inability to ascertain the quality or condition of property warranted to be at the time of sale, of a particular quality or in a certain condition, does not change the rule as to the time when a right of action for breach of the warranty accrues.

A nursery-man selling trees, for a certain kind of fruit trees, to one who relies on his representations, warrants them of the kind represented; an action on the warranty accrues immediately if the trees are of a different kind.

Allen *v.* Todd.

Otherwise if the representations are that the trees will bear certain kind of fruit, in which case the right of action arises when the fruit produced by the trees proves different from the warranty.

THIS was an appeal from a judgment of the County Court of Monroe county reversing a judgment of a justice of the peace. The facts are stated in the opinion.

*George E. Ripsom*, for the appellant.

*George Truesdale*, for the respondent.

Present—MULLIN, P. J.; JOHNSON and TALCOTT, JJ.

MULLIN, P. J. The defendant was engaged in the business of raising fruit trees for sale near the city of Rochester. The plaintiff was a farmer living in the town of Clarkson, and wanted a species of apple trees to plant on his farm known as twenty-ounce apple trees. He called on the defendant in the spring of 1864 and asked him if he had such trees. Defendant told him he had them growing in his nursery. Defendant sent his man to a place designated by him to procure the trees. The plaintiff wanted 100, and the men dug them up and delivered them to the plaintiff who took them home and planted them on his farm. They appeared like twenty-ounce apple trees. They did not bear until the season of 1870, and it was then found that they were not twenty-ounce trees, but of a very inferior kind. The fruit was not better (if as good) than that raised from the ordinary apple trees.

The plaintiff recovered before the justice. The County Court reversed the judgment on appeal, on the ground that the action was barred by the statute of limitations.

The only question presented for consideration on this appeal is whether the statute of limitations commences to run from the making of the contract or from the time it was discovered they did not bear twenty ounce apples.

I am of the opinion that there was a warranty by the defendant, either that the trees sold the plaintiff were twenty-ounce trees or that they would bear twenty-ounce apples.

If the former was the warranty, the right of action accrued immediately. If the latter, the right of action did not accrue until 1870, and was not barred.

No warranty was in terms made or given by defendant; it must be implied, if at all, from the fact that defendant being acquainted with the various kinds of apple trees, he must be held to warrant that the trees delivered by him to a purchaser are such as he calls for, unless it appears that the purchaser trusts to his own knowledge and not to the representations of the seller.

When defendant delivered to the plaintiff the 100 trees, he declared them as being twenty-ounce apple trees at the time of the sale. The meaning doubtless was, that the trees would bear twenty-ounce apples, but a warranty that they would bear that species of apples would be prospective in its operation; the other was as to the then present description of the trees. If the trees were not the kind represented, the warranty would be broken in the one case, as soon as made in the other, not until they bore fruit of a different kind. The latter form of warranty would not be construed as a warranty that the trees would bear fruit, but that, if they did bear, they would be of a species known as twenty-ounce apples.

It seems to me we must hold the warranty to be as to the species of the trees at the time the sale was made, and that a cause of action then accrued, and is of course barred. There is apparent injustice in requiring a plaintiff to bring an action before it was in his power to show that he had been damnified. This result might have been avoided by requiring a warranty that the trees would bear the kind of fruit wanted.

Inability to ascertain the quality or condition of property warranted to be, at the time of the sale, a particular quality or in a certain condition, has never been allowed to change the rule as to the time when a right of action for a breach of the warranty occurs. (Chitty on Conts., 816; *Bortly* v. *Faulkner*, B. & Ald., 288; vol. 2d U. S. Dig., 805, § 269; *Troop*

v. *Smith*, 20 J. R., 33; *Leonard* v. *Putney*, 5 W., 30; *Allen*
v. *Miller*, 17 W., 202; *Argoll* v. *Bryant*, 1 Sandf., 98.)
The judgment of the County Court must be affirmed.

Judgment affirmed.