WILLETT G. WOODWORTH, Plaintiff, *v.* RICE BROTHERS COMPANY, Defendant.

(Supreme Court, Orleans Trial Term, January, 1920.)

*Contracts — action for breach of oral warranty in sale of trees — guaranty — Statute of Limitations —when motion for a new trial denied — Agricultural Law, §§ 263, 264.*

Upon the trial of an action to recover for breach of an alleged oral warranty in the sale of peach trees of two specified varieties, that they would bear true to name, it appeared by the testimony of plaintiff, corroborated by his wife, that because of defective eye-sight he was unable to read the fine print on the order blank and upon asking what it contained was assured by defendant's agent that it contained nothing but to show the firm to whom to ship the trees. Upon such assurance plaintiff signed the written order in ignorance that it provided in substance that if the trees when they came to bearing failed to produce the variety of fruit called for the defendant's liability should be limited to replacing the defective trees with others of the varieties stated. *Held,* that in submitting to the jury with proper instructions the question whether the contract actually made was that represented by the oral agreement or the written order, the court committed no error. *Whipple* v. *Brown Bros. Co.,* 225 N. Y. 243, followed.

The trees, which were sold in December, were delivered in the May following and set out on plaintiff's farm and at the end of five years, when they began to bear, it was found that they did not bear either of the specified varieties, and it was conceded that in spite of the greatest care in budding nursery stock, the trees will not always bear fruit true to name, and that the exact character and quality of the stock cannot be definitely known until the trees begin to bear. *Held,* that the guaranty related entirely to what the trees would do when the time of bearing arrived and as plaintiff could not know what the fruit would be, and that it might be that the trees would not begin to bear until the Statute of Limitations had run, there was no breach of the contract until that time, and the action though not brought for upwards of seven years after the delivery of the trees was brought in time.

Sections 263 and 264 of the Agricultural Law, enacted after the sale herein was made, and intended to regulate the sale of fruit-bearing trees made after said enactment, did not apply, and a motion for a new trial after a verdict in favor of plaintiff will be denied.

MOTION for a new trial on the minutes after a verdict by a jury in favor of the plaintiff.

W. S. O'Brien, for defendant.

Harry Cooper, for plaintiff.

WHEELER, J. This action is for a breach of an alleged warranty in the sale of some 1,150 peach trees. The plaintiff is a farmer and fruit grower, the defendant the grower of nursery stock. In December, 1908, an agent of defendant sold the plaintiff 750 peach trees of the variety known as " Elbertas " and 400 of the variety known as " Willetts." The trees were delivered the following May and set out on the plaintiff's farm. At the end of five years from the setting, when the trees began to bear it was ascertained the trees did not bear " Elberta " or " Willett " peaches as expected.

At the time of the sale of the stock the plaintiff claimed the defendant orally guaranteed the trees would bear true to name. The plaintiff stands on this verbal guaranty. It appeared upon the trial that after the talk had taken place defendant's agent asked the plaintiff to sign a printed order for the trees; that the plaintiff by reason of defective eyesight was unable to read the fine print in the order blank, and asked the agent what it contained, and was assured by him that it contained nothing but to show the firm to whom to ship the trees, and that upon that assurance and in ignorance of the true contents of the written order the plaintiff signed the paper, which notwithstanding

the agent's assurance to the contrary did in fact contain a provision in substance that if the trees, when they came to bearing, failed to produce the variety of fruit called for, the liability of the defendant should be limited to replacing the defective trees with other trees of the variety stated. On this written agreement the defendant stood, but the court, following the decision of the Court of Appeals in the recent case of *Whipple* v. *Brown Bros. Co.,* 225 N. Y. 243, submitted to the jury the question whether the contract actually made was that represented by the oral agreement or the written order. This submission was given with proper instructions bearing on the subject. The jury found on this issue in favor of the plaintiff. We think the court committed no error in the course it pursued, and that its rulings were in strict compliance with the decision of the Court of Appeals in the case of *Whipple* v. *Brown Bros. Co.,* 225 N. Y. 243.

Certain other questions of much interest are involved in this case to which the court will now address itself.

The contract for the trees in question was made in December, 1908. The trees were delivered in May, 1909. This action for the breach of the alleged warranty was not brought for upwards of seven years after the delivery of the trees. The defendant pleads the Statute of Limitations, and contends that the warranty, if made, was broken at the time of delivery, and more than six years having elapsed before suit the action is barred by the statute. This contention brings us to the consideration of the nature and character of the warranty claimed to have been made. According to the testimony of the plaintiff and his wife the plaintiff said to the agent, " If you will guarantee the trees to be true to name I will order 750 Elbertas and 400 Willetts of the kind that you describe," and

the agent replied, "We will call that a bargain." Question, "Do you recall anything else that was said at that time by him?" Answer, "Why, he said they would be all right; just as he — as they recommended them to be."

The plaintiff's wife corroborated her husband's testimony as to the conversation between her husband and the agent.

It seems to the court that the legal force and effect of this agreement and the intention of the parties must be gathered from the nature of the transaction and the surrounding circumstances of the case. It was stated on the trial by defendant's counsel, and practically conceded by all, that in spite of the greatest care in budding nursery stock the trees will not always bear fruit true to name, and that the exact character and quality of the stock cannot be definitely known until the trees begin to bear.

The guaranty made, so far as the intention of the parties is concerned, must be interpreted in the light of these conceded facts. When so considered we are of the opinion that the guaranty was in effect an agreement that the trees when they bore fruit would bear the varieties known as "Elbertas" and "Willetts;" that the guaranty related entirely to the future, and what the trees would do when the time of bearing arrived. The purchaser could not know in advance what the fruit would be, and it might be that for one reason or another the trees would not begin to bear until after the Statute of Limitations has run, were there to be deemed a breach at the time of delivery. The court, we think, should interpret the agreement in the light of what was clearly in the minds of the parties to it, and where the agreement calls for the accomplishment of certain things at a future time, there cannot be said to be a breach of the contract

11

until that time arrives, and the result stipulated for fails to be realized.  If this be true then in this case the breach did not occur until the trees began to bear, and the action was brought within time.  Our view of the case is sustained by the statement claimed to have been made by defendant's agent that " *the trees would be all right,*" clearly indicating that when they bore they would bear true to name.  The case may be likened to a guaranty in the sale of an engine that when installed it would develop certain horse power. We think in such a case no cause of action on the guaranty would arise until after the installation and a failure of the engine to develop the required power.

The defendant's counsel cites the case of *Allen* v. *Todd,* 6 Lans. 222, as an authority in support of the contention that the guaranty or warranty was not prospective in operation, but a present one, and that the statute began to run from the time of delivery. We think the language used in that case is clearly distinguished from that testified to in the present case. The court in *Allen* v. *Todd,* makes a clear distinction between a warranty as to the present character of trees sold, and one where the guaranty is that the trees would bear a particular kind of fruit, in which case the warranty " *would be prospective in its operation.*"  P. 224.    That, as we have already said, is the character of the warranty in the present case, and instead of *Allen* v. *Todd* supporting the defendant's position is one favoring the plaintiff.

The plaintiff claims that sections 263 and 264 of the Agricultural Law applies to the present case, and operates to extend the time in which he might bring his action to " *any time prior to the third bearing year.*"  These sections were added to the Agricultural Law by chapter 367 of the Laws of 1914, as amended by chapter 127 of the Laws of 1915, and it

will be noted were added after the sale in this case was had.

Section 263 makes it the duty of the sellers of fruit-bearing trees to attach to each shipping box, bale, or package a certificate of inspection by the commissioner of agriculture, and also to each bundle or package of trees a label specifying the name of the variety contained therein.

Section 264 provides that nothing contained in section 263 shall deprive a purchaser of his remedy at law for damages " by reason of such trees proving untrue to name as specified on the label. Such damages may be recovered in a civil action by the purchaser of such fruit-bearing trees or by his personal representative or assignee at any time prior to the third bearing year, provided the purchaser notifies the seller as soon as he has reason to believe that such trees are not true to name." The subsequent part of this section contains certain provisions as to the burden of proof in such actions, and matters of that kind.

We are of the opinion that these sections are not retroactive in character, and relate only to the sale of fruit-bearing trees made after the sections became law, and to remedies and rights of action growing out of such sales. Section 264 refers to sales made as required under section 263. It speaks of " such damages." That is, for damages arising by reason of " *such trees proving untrue to name as specified on the label.*"

We think both of these sections were intended to regulate sales made after the sections became a law and the remedies thereunder, and it was not the intention of the legislature in any way to modify the Statute of Limitations so far as the same related to and governed prior transactions. The plaintiff can-

not, therefore, avail himself of the sections of the Agricultural Law referred to, but must stand on the Statute of Limitations and his rights thereunder as they existed prior thereto.

We are, however, of the opinion that the motion for a new trial should be denied.

Motion denied.