## LIBERTY MUTUAL INSURANCE COMPANY, Appellant, *v.* SHEILA-LYNN, INC., Respondent.

Supreme Court, Appellate Term, First Department, September 14, 1945.

*John J. Stewart* and *John P. Smith* for appellant.

*Murray C. Spett* and *Abraham Shapiro* for respondent.

SHIENTAG, J. The plaintiff issued a policy of insurance to a retailer, Conrad & Co., Inc., indemnifying the latter against liability for damages incurred in connection with the sale of its merchandise. The retailer, on or about December 20, 1938, purchased and received from the defendant in this action, a manufacturer, a certain spotted rayon dress. This dress the retailer sold to one of its customers on December 24, 1938. The customer, on or about January 17, 1939, notified the retailer that after wearing the dress she suffered certain injuries because of a poisonous substance in the material. The retailer, in turn, notified the defendant manufacturer of the assertion of this claim and that it intended to hold the defendant liable for any loss resulting therefrom.

On June 7, 1939, the customer, Emma H. Kurris, as plaintiff, sued the retailer in the Superior Court of Massachusetts for personal injuries upon an alleged breach of warranty. The retailer notified the defendant manufacturer of the commencement of the action and requested the latter to take over its defense, which the manufacturer failed to do. On the trial in Massachusetts on November 14, 1941, the customer obtained a verdict against the retailer in the sum of $750, which verdict was set aside by the trial court. On appeal the trial court was reversed [*sub nom. Kurriss* v. *Conrad & Co., Inc.,* 312 Mass. 670].

On April 12, 1943, the customer and the retailer, who were the parties to the Massachusetts litigation, entered into an agreement stipulating for judgment by consent in the sum of $575. The plaintiff in this action, pursuant to its policy of insurance issued to the retailer, Conrad & Co., Inc., paid this judgment on behalf of its insured.

Under the terms of the policy of insurance, the plaintiff became subrogated to the rights of its insured against the manufacturer, the defendant in the present action. It thereupon sued the present defendant by service of summons and

complaint on the 27th of December, 1944. The defendant manufacturer has interposed the defense of the Statute of Limitations. Under section 48 of the Civil Practice Act an action for breach of warranty must be commenced within six years after the cause of action accrues. The interesting question presented on this appeal is when the Statute of Limitations, under the circumstances of this case, began to run. Was it from the date when the retailer bought the dress from the manufacturer with the implied warranty of merchantability and fitness for use, or from the time the breach of warranty resulted in injury to the retailer's customer, or from the time that the retailer was called upon to pay damages resulting from the breach of warranty?

We must start with the proposition that the plaintiff insurance company has no rights superior to the retailer, its insured (*Wanamaker* v. *Otis Elevator Co.*, 228 N. Y. 192). The insurance company stands in all strictness in the shoes of the retailer and its rights do not derive from any other source, nor do they rise higher than those of the retailer. There is no coindemnitor relationship between the insurance company and the defendant manufacturer. We do not have here a situation such as was present in *Hard* v. *Mingle* (206 N. Y. 179) where there was a consensual cosuretyship relation from which contribution followed as a matter of course. In the present case there is no contract and no relationship of any nature between plaintiff and defendant other than that which derives from plaintiff's subrogation to the retailer's rights. The case, therefore, must be decided as if the retailer, and not its insurer, were the plaintiff here.

As between the retailer and the manufacturer, then, when did the cause of action accrue and the Statute of Limitations start to run?

The plaintiff contends (1) that upon a sale by a manufacturer to a retailer there is not only an implied warranty of merchantability and fitness for use, but the manufacturer making the sale is in the position of an indemnitor for any damages which the retailer may be required to pay; and (2) that even if there be no implied contract of indemnity, the warranty should be considered as a prospective or continuing one, arising only when injury occurs because of its breach or when such breach becomes known to the retailer.

If the manufacturer is considered to be in the position of an indemnitor, it may logically be argued that the cause of action against him does not arise until the party, in whose favor the

indemnity operates, has had his liability established by judgment or makes payment of damages to a third person. Plausible though this theory may be, I have been unable to find any authority that supports it. Indeed, there is an indication to the contrary in *Muller* against *Eno* (14 N. Y. 597, 604). It is true that the manufacturer may be required to make good to the retailer the damages which the retailer has paid to its customer; but the decisions uniformly base this liability on breach of warranty and include the item of damage as consequential and foreseeable when the warranty was given. (*Passinger* v. *Thorburn*, 34 N. Y. 634, 639; *McSpedon* v. *Kunz*, 271 N. Y. 131; *Wolstenholme, Aplnt.*, v. *Randall, Inc.*, 295 Pa. 131, 136; 5 Williston on Contracts [Rev. ed.], § 1355.)

The Personal Property Law in the article containing the Uniform Sales Act [article 5], purports to define the rights of buyer and seller one against the other, upon a sale of goods. It establishes certain implied warranties inhering in the transaction unless a contrary intention is expressed. Apart from the Statute of Limitations, the implied warranties so established are adequate to protect the buyer's rights. It would be a considerable innovation to add to those rights an obligation to indemnify against loss through payment of damages to third parties.

What is the time of accrual of a cause of action for a breach of warranty? The traditional doctrine is that a cause of action for breach of warranty of quality and fitness normally accrues at the time of the sale, notwithstanding the fact that the purchaser may not then be aware of the existence of any cause of action (1 Williston on Sales [2d ed.], § 212a). "Inability to ascertain the quality or condition of property warranted to be, at the time of the sale, a particular quality or in a certain condition, has never been allowed to change the rule as to the time when a right of action for a breach of the warranty occurs." (*Allen* v. *Todd*, 6 Lans. 222, 224.)

In *The E. O. Painter, &c., Co.* v. *The Kil-Tone Co.* (105 N. J. L. 109), the manufacturer sold a paint spray to a retailer in 1913. The retailer resold it in the same year to a grower whose crops were destroyed in 1914 by its use. The retailer was sued in 1916 and judgment was recovered against it in 1922. It sued the manufacturer in 1925. It was held that the cause of action accrued upon the delivery under the original sale in 1913 and that the Statute of Limitations was a bar.

In *Wolstenholme, Aplnt.*, v. *Randall, Inc.* (295 Pa. 131), the retailer who was sued for the price of the goods sought to

recoup the damages which it might have to pay its own customer under a suit then pending. The recoupment was allowed, upon the authority of the statement in Williston on Contracts (1st ed., Vol. 3, § 1355, pp. 2416–2417) that "even though the original buyer has not yet been held liable to his sub-vendee, the amount of his probable liability may be recovered from the original seller."

It would seem, therefore, that the logical implications of the general rule with respect to the accrual of a cause of action for breach of warranty of quality would require a ruling sustaining the defense of the Statute of Limitations here. This ruling would rest upon the premise that the cause of action accrued when the manufacturer sold the goods to the retailer on or about December 20, 1938.

It is undeniable that under this rule a retailer may find himself in a difficult position. He may be ignorant of the fact that he has any cause of action until a good part of the Statute of Limitations has run or, indeed, until the statute has become a complete bar. For this reason some courts, while recognizing the general rule, have sought escape by various devices. A few authorities go so far as to hold that the statute does not begin to run until the breach of warranty has been discovered or, at least, until a reasonable time has passed for discovery of the breach (see 25 Minn. L. Rev. 390, and cases there cited, including *Ingalls* v. *Angell*, 76 Wash. 692, 696). This view seems untenable in the light of the authorities in this State. It is urged that the warranty here was, in effect, a continuing one. There is cited in support of this theory the decision of the Court of Appeals in *Moore* v. *Maddock* (251 N. Y. 420). There the court held that an agent's implied warranty of authority to act for his alleged principal was a continuing one and remained in operation until repudiation of the alleged agent's authority. That situation, it seems to me, has no application to an implied warranty of quality or fitness.

It is further suggested that the warranty in the present case might be classified as a prospective warranty, that is, a warranty of quality and fitness at a future date, e.g., on the date when the goods would be used by the retailer's customer. The New Jersey and Pennsylvania decisions cited above are not, in their conclusions, inconsistent with this view, but I find no authority in this State which supports it. (See 27 Mich. L. Rev. 826.)

It is further urged that the retailer here vouched in the manufacturer, affording it full opportunity, upon ample notice, to

come in and take over the defense; that, on principle, this vouching-in process should be considered as tolling the operation of the statute. However logical this contention may be, it has no legal basis. Tolling of the Statute of Limitations is governed entirely by statute and the courts may not add to the statutory provisions on the subject.

The present cause of action was brought more than six years after the sale of the merchandise by the defendant manufacturer to the retailer, at which date the implied warranty of merchantability and fitness became operative. It has been suggested that a cause of action for breach of warranty accrues upon the delivery of the property sold (*Credit Alliance Corp.* v. *Buffalo Linen S. Co.,* 238 App. Div. 18, 20; *The E. O. Painter, &c., Co.* v. *The Kil-tone Co.,* 105 N. J. L. 109, 111, *supra*) rather than upon the date of sale (*Muller* against *Eno,* 14 N. Y. 597, *supra*). It is unnecessary to pass on that question in this case, because here sale and delivery are alleged to have occurred on the same day. The defense of the Statute of Limitations is therefore good on its face and the motion to strike it out as insufficient in law was properly denied.

The order should accordingly be affirmed, with $10 costs.

EDER, J. (concurring in result). The court below properly denied plaintiff's motion to strike out the defense of the Statute of Limitations and the order appealed from should be affirmed. However, I do not subscribe to all that the major opinion declares.

The complaint alleges the date of sale and delivery as on or about December 20, 1938; this suit was begun on December 27, 1944; the defendant pleads the six years' Statute of Limitations as a bar. Plaintiff sues as subrogee and seeks to recover damages from defendant for breach of warranty in the sale of merchandise to its assured, Conrad & Co., Inc.; the latter resold some of the merchandise and the subvendee recovered damages from the assured which plaintiff paid under its policy of liability insurance.

Assuming that the Conrad Company had a cause of action against the defendant for breach of warranty it is the view of my colleagues that it accrued at the time of sale and *Muller* against *Eno* (14 N. Y. 597) and *Allen* v. *Todd* (6 Lans. 222) are cited as supporting this premise; if this is so then plaintiff's cause of action is barred by the Statute of Limitations.

The plaintiff as subrogee succeeded to and acquired the same but no greater rights and remedies than its subrogor possessed;

this is the established rule (*Wanamaker* v. *Otis Elevator Co.*, 228 N. Y. 192; 33 C. J., Insurance, § 714; 36 C. J., Liability Insurance, § 114; 60 C. J., Subrogation, § 81; 29 Am. Jur., Insurance, § 1336). '' The rights of insurer against the person whose fault has caused the injury which was the basis of the loss are measured by the rights of insured against such person.'' (36 C. J., Liability Insurance, § 115.) Plaintiff is similarly bound and the defense of the Statute of Limitations as a plea in bar is likewise available against it as it would be if the assured had instituted the action.

It is my view that *Muller* against *Eno* (*supra*) may not be taken as a holding that a cause of action for breach of warranty accrues at the time of the sale; the only questions there considered related to the defendant's right to recoup damages and to the measure of such damages; so the court expressly declared (p. 601); and in view of this it seems to me that the expression in its opinion, '' The promise is broken as soon as made, although the defect may not then be known,'' (p. 605) is to be regarded as an extraneous utterance by the judge and as being obiter dictum (*Rohrbach* v. *Germania Fire Insurance Co.*, 62 N. Y. 47, 58). In *Allen* v. *Todd* (*supra*) a decision by the General Term, Fourth Department, the question presented for consideration was whether the Statute of Limitations commences to run from the making of the contract or from the time of discovery that a breach of warranty resulted; the court held that a cause of action for breach of warranty occurs at the time of the sale and that the statute commences to run from that date. The case went no further on appeal and the point appears not to have been again concretely presented in our appellate courts.

In the absence of a direct ruling by the Court of Appeals or by the Appellate Division of this department adopting the view announced in *Allen* v. *Todd* (*supra*) I am disinclined to follow it; I am of opinion that the rule stated in *The E. O. Painter, &c., Co.* v. *The Kil-Tone Co.* (105 N. J. L. 109, 111) is the more correct one, viz., that the breach of warranty occurs upon the *delivery* of the property sold and that the right of action arises immediately at that time. It impresses me as being both logical and sound to hold that the breach of warranty occurs upon delivery of the property sold and that the cause of action accrues at that time rather than to hold that it accrues at the time of the sale.

We ought to recognize that until delivery there is the impossibility of ascertaining whether the warranty has been broken

and it seems to me to be more conducive to accomplishing substantial justice to view such dealing in the light of reality. I feel we should be rather concerned with the substance of the warranty than with its form and should regard it as prospective particularly where from the nature of the transaction the parties appear to so intend.

In the instant case this feature is of no special significance because the sale and delivery are alleged to have occurred on the same day and the statute has run against the cause of action for breach of warranty whether the date of sale or the date of delivery be considered as the true criterion.

For the reasons stated I concur in the result.

HAMMER, J., concurs with SHIENTAG, J.; EDER, J., concurs in result in opinion.

Order affirmed.