MARJORIE L. GILE, Respondent, *v.* SEARS, ROEBUCK AND CO., Appellant and Third-Party Plaintiff. JOSEPH RUFO, Third-Party Defendant.

Third Department, December 30, 1952.

*Livingston S. Latham* for appellant and third-party plaintiff.

*Warren G. Farrington* for respondent.

*Hector B. Giacobbe* for third-party defendant.

*Per Curiam.* The defendant Sears, Roebuck and Co. appeals from an order which struck from the amended answer of the defendant-appellant the affirmative defense of the three-year Statute of Limitations.

The first cause of action in the amended complaint is in negligence for personal injuries alleged to have been suffered by the plaintiff on or about December 12, 1949, as a result of plaintiff's falling on a loosened floorboard alleged to have been left in that condition around a heat register, installed by the defendant-appellant on or about April 19, 1948.

For her second cause of action, the plaintiff alleges that upon the sale and installation by the defendant-appellant of a " furnace, fittings, controls, heat pipes, heat registers and cold air returns " the defendant-appellant warranted " that the same would be fit for the purpose of heating the plaintiff's said home and would be properly and adequately installed  *  *  * and would be safe for use by the plaintiff in the usual and normal manner for which it was intended to be used ". The plaintiff further alleges that the defendant-appellant breached the warranty in that the flooring around " a heat register in the living room of plaintiff's house had not been securely fastened or supported and that said floor and flooring were loose and dangerous for persons walking on the floor along the edge of said heat register ". It is then alleged that defendant's workmen " left the plaintiff's home some time during the month of June, 1948 ". The final paragraphs of the second cause of action allege the same accident, on December 12, 1949, and the same personal injuries as are alleged in the first cause of action.

The action was commenced on August 6, 1951, well within three years after the date of the occurrence of the accident in which the personal injuries are alleged to have been sustained. However, more than three years had elapsed since the completion of the performance of the defendant's work.

The plaintiff's first cause of action, for personal injuries resulting from negligence, was governed by the three-year

Statute of Limitations (Civ. Prac. Act, § 49, subd. 6), but the cause of action did not accrue until the personal injuries were sustained on December 12, 1949. The tort was not committed as to the plaintiff's interest in her bodily security until she fell and was injured. An interest in bodily security is of a different '' order '' from an interest in property (*Palsgraf* v. *Long Island R. R. Co.*, 248 N. Y. 339, 347). The action was commenced within three years from the date of the bodily injury.

As to the second cause of action for personal injuries alleged to have resulted from a breach of warranty, it may be argued that the cause of action is deemed to have accrued upon the date of the installation of the equipment on the theory that the warranty was broken at once (*Liberty Mut. Ins. Co.* v. *Sheila-Lynn, Inc.*, 185 Misc. 689, affd. 270 App. Div. 835). On the other hand, if the warranty was of a prospective or continuing character, it might be said that the cause of action did not accrue until the occurrence of the consequential injury (*Liberty Mut. Ins. Co.* v. *Sheila-Lynn, Inc., supra,* p. 693 and the authorities there cited; *Woodworth* v. *Rice Bros. Co.*, 110 Misc. 158, affd. 193 App. Div. 971, affd. 233 N. Y. 577; cf. 1 Williston on Sales [Rev. ed.], § 212a; 75 A. L. R. 1086, and 1 Buffalo L. Rev. 59).

There is no need to choose between these views in this case since the action was brought well within six years of the date of the installation. Even if it should be held that the cause of action for breach of warranty accrued on the date of the installation, the action was brought in time. An action for breach of warranty is ordinarily governed by the six-year Statute of Limitations (Civ. Prac. Act, § 48, subd. 1). However, since this action is one for consequential damages, consisting of personal injuries alleged to have resulted from the breach of warranty, an additional limitation may be imposed requiring that the action be brought within the statutory period prescribed for personal injuries, measured from the date of the occurrence of the personal injuries (*Buyers* v. *Buffalo Paint and Specialties,* 199 Misc. 764). Since the second cause of action seeks a recovery for personal injuries resulting from a breach of an absolute obligation, the six-year Statute of Limitations governing actions for personal injury resulting from causes other than negligence is applicable. (Civ. Prac. Act, § 48, subd. 3; *Drooby* v. *Collins,* 281 App. Div. 733.) It may, however, be noted that, in this case, reliance need not be placed upon the provision last cited, since the action was commenced within three years of the occurrence of the personal injuries, so that

even if the three-year Statute of Limitations governing actions for personal injuries resulting from negligence were applicable, the action would still have been brought in time.

The court below correctly struck out the affirmative defense pleading the three-year Statute of Limitations.

The order should be affirmed, with costs.

FOSTER, P. J., BREWSTER, BERGAN and HALPERN, JJ., concur.

Order affirmed, with $10 costs. [See *post*, p. 930.]