MARY DROOBY, Respondent, v. WILLIAM J. COLLINS et al., Doing Business as NORTHERN DISTRIBUTING Co., Appellants.— Appeal by the defendants Collins, and others, from an order of· the Special Term of the Supreme Court, Warren County, striking from the answer of the defendants the affirmative defense of the three-year Statute of Limitations (Civ. Prac. Act, § 49, subd. 6). The action is one for breach of warranty, to recover for personal injuries alleged to have been received on or about September 23, 1946, as the result of the explosion of a bottle of ale purchased by the plaintiff from the defendants on or about that date. The action was commenced on March 31, 1951, more than three years but less than six years after the accrual of the cause of action. The court below correctly held that subdivision 6 of section 49 of the Civil Practice Act was not applicable since that subdivision applies only to actions for personal injury " resulting from negligence." The court further correctly held that the action was timely, under subdivision 3 of section 48 of the Civil Practice Act governing actions to recover for personal injury resulting from breach of an absolute obligation. This conclusion makes it unnecessary to consider the applicability of subdivision 1 of section 48 of the Civil Practice Act which allows six years for the commencement of an action brought upon " a contract obligation or liability express or implied " (cf. *Buyers* v. *Buffalo Paint & Specialties,* 199 Misc. 764; *Blessington* v. *McCrory Stores Corp.,* 279 App. Div. 806). Order unanimously affirmed, with $10 costs. Present — Heffernan, J. P., Brewster, Bergan, Coon and Halpern, JJ.