Henry Epstein, J.
Defendant moves for dismissal of the complaint upon the ground that maintenance of the action is time-barred.
In three causes of action based on negligence, breach of warranty by advertising, and breach of warranty, plaintiff claims that his claim of right to recover for personal injuries arose upon discovery of the negligence and breach of warranty. While a member of the armed forces, “ Umbrathor ”, a product manufactured by the defendant, was injected into plaintiff’s body to make the sinuses perceptible in X rays. A portion of the product so inserted in 1944 was not removed after the X rays, remained in his head, caused a cancerous condition for which he was operated in 1957, resulting in the loss of his left eye. It is alleged *664 that the existence of the carcinoma was discovered in February, 1957.
There is a conflict of opinion with respect to the principle involved in the Federal and several State jurisdictions. In New York the law has been settled in Schmidt v. Merchants Despatch Transp. Co. (270 N. Y. 287). There the plaintiff had inhaled foreign substances in the form of dust and as a result contracted a disease of the lungs. In the course of its opinion, the court stated, at pages 300-301:
"Accordingly, the plaintiff claims that his cause of action accrued, not at the time he inhaled the dust-more than three years before the action was commenced - but at the time when the dust, so inhaled, resulted in a disease of the lungs and that date, it is said, can be determined only by medical testimony.
* # #
“ There can be no doubt that a cause of action accrues only when the forces wrongfully put in motion produce injury.
# * #
‘ ‘ That does not mean that the cause of action accrues only when the injured person knows or should know that the injury has occurred. The injury occurs when there is a wrongful invasion of personal or property rights and then the cause of action accrues. Except in cases of fraud where the statute expressly provides otherwise, the statutory period of limitations begins to run from the time when liability for wrong has arisen even though the injured party may be ignorant of the existence of the wrong or injury.
# * #
1 ‘ The injury to the plaintiff was complete when the alleged negligence of the defendant caused the plaintiff to inhale the deleterious dust. For that injury, including all resulting damages the defendant was then liable. The disease of the lungs was a consequence of that injury. Its result might be delayed or, perhaps, even by good fortune averted; nevertheless, the disease resulted naturally, if not inevitably, from a condition created in the plaintiff’s body through the defendant’s alleged wrong. It cannot be doubted that the plaintiff might have begun an action against the defendant immediately after he inhaled the dust which caused the disease.”
Gile V. Sears Roebuck & Co. (281 App. Div. 95) is not to the contrary. There the defendant had in 1948 installed a floorboard which it had left in a loosened condition. In 1949 plaintiff sustained injury when she was caused to fall on the loosened floor *665 board. The injury which resulted from any breach in the installation of the floorboard in relation to the performance of the contract is different from the injury sustained at the time of the occurrence when, for the first time, the claim in suit there arose. The injury in the instant suit and, therefore, the cause of action, arose when the substance manufactured by the defendant was injected into the plaintiff’s body and the consequential injury flows therefrom and not from any act occurring thereafter.
Whatever may be said concerning the claimed injustice of the rule as enunciated in the Schmidt ease (supra), this court regretfully feels concluded thereby and constrained to grant the motion. Defendant is awarded judgment dismissing the complaint.