## (December 19, 1961)

■ CITIZENS UTILITIES COMPANY, Appellant-Respondent, v. AMERICAN LOCOMOTIVE COMPANY, Respondent-Appellant.

*Per Curiam.* We agree with the disposition made by Special Term as to eight of the nine causes of action pleaded. The exception, the fifth cause of action, was found to be valid and the motion to dismiss was denied as to it. It is our opinion that no cause of action is alleged, and while some facts are stated from which it may be deduced that a cause of action might be alleged, at the least a new pleading is required. To explain this position it is necessary to refer to the remaining causes of action.

The first eight causes of action refer to the purchase and installation of four generating sets which defendant built and installed in plaintiff's plant in Nogales, Arizona, in 1948. The ninth cause of action deals with a generating set similarly built and installed in plaintiff's plant at Newport, Vermont, in 1946. We agree with Special Term's decision that this last cause of action is barred by the Statute of Limitations.

The first eight causes of action are for breach of warranty and misrepresentation based on claimed defects in the generators. As to all of these claims, except those embraced in the third and fifth causes of action, a settlement agreement was made between the parties, and we are in accord with Special Term that this agreement is a complete bar to suit. The fifth cause of action alleges that in August, 1952, a date subsequent to the settlement agreement, certain difficulties arose and defendant recommended that steel rails be installed and the generating sets mounted thereon, and defendant represented that with these steel rails the generating sets would have a life span of 30 years

and would operate with a certain efficiency. A contract was made for the installation of the rails. However, it is not alleged that the rails were installed pursuant to that contract and it is conceded that due to a strike in defendant's plant that contract was cancelled and the rails were installed by some other contractor. The third cause of action which pleads these facts as a warranty was held to be defective in that it pleads a warranty without pleading a sale — a conclusion with which we agree. The fifth cause of action pleads these facts as a basis for an action for fraud and/or misrepresentation. However, the falsity that is alleged is not that the installation of the rails would cure the defects but that the sets were not so designed and constructed that they could last 30 years and operate at the alleged efficiency. There is no allegation as to the effect of installing the rails and for all that appears it could be that the rails accomplished all that they were represented to be able to do. What is pleaded is that the generating sets were not up to the original specifications. As we have seen, this is the matter that was the subject of prior suit, and settlement and claim for it has been released.

We may deduce that what plaintiff might want to assert in these circumstances is that defendant, when it made the representations in regard to the rails knew that the installation would be ineffective because it knew either that the installation would be no cure or that the sets were incurable, and that the representations were made fraudulently or recklessly to induce a sale. Naturally, the resultant damage would be the cost of installing the rails. If plaintiff intended such a pleading, the intent has not been realized. But we believe it fitting to allow such a pleading if plaintiff deems that the facts permit it and plaintiff so desires.

The order should be modified, on the law, by striking the fifth cause of action with permission to serve an amended complaint consisting of the fifth cause of action repleaded as indicated and, as so modified, affirmed, with costs to respondent-appellant.

EAGER, J. (dissenting in part). I dissent only insofar as the majority would restrict the repleading by plaintiff in connection with any misrepresentation or fraud in regard to the sale and installation of the rails. Otherwise, I concur in the opinion of the majority. Settle order on notice.

RABIN, J. P. (dissenting in part). I dissent in part and would hold the first, second, fifth and seventh causes of action to be sufficient and would deny the motion for summary judgment directed against the ninth cause of action.

The first cause of action seeks rescission of the 1950 settlement agreement (annexed to the complaint) by reason of the alleged fraud of the defendant in inducing its execution. The misrepresentations here alleged were that the generating sets would have a life of 30 years of continuous full capacity operation; that they would have a stated capacity; and that the sets were in all respects suitable and dependable for use as "continuous central station generators." It is also alleged that the representations made were false, were known to the defendant to be false, were made for the purpose of having the plaintiff rely on them and that the plaintiff did rely on them to its damage. Thus every allegation requisite to a sufficient pleading of a cause of action in fraud is present. (See *Sabo* v. *Delman,* 3 N Y 2d 155.)

Special Term held this cause to be insufficient because of the following clause in the settlement agreement: "Citizens hereby and herewith waives all past, present and/or future claims for damages of any nature whatsoever occasioned * * * [through] reliance by Citizens on information furnished or representations made respecting the characteristics of the said generating sets". In so doing Special Term concluded that the alleged misrepresentations were directly contradictory to the clause as to make them "unprovable" within the contempla-

tion of *Cohen* v. *Cohen* (1 A D 2d 586, affd. 3 N Y 2d 813) and *Danann Realty Corp.* v. *Harris* (5 N Y 2d 317). I conclude that the disclaimer made by the plaintiff in the agreement is not sufficiently specific as to permit one to reach the conclusion — essential to a dismissal — that the very representations now relied on as being false were the ones disclaimed in the agreement. On the contrary it is most general. In both the *Cohen* and *Danann* cases the representation alleged to have been made was precisely the representation disclaimed in the respective merger clauses. That is not the situation here. One must be able to identify from the language of the disclaimer clause itself the representations alleged to be the basis of the fraud. That cannot be done here. This disclaimer clause does not refer with the requisite directness to the representations that the generating sets would have a 30-year life span; would have a certain capacity, and that they would be suitable for use as "continuous central station generators." Of course, while these representations appear to be promissory in nature we must read them in conjunction with the allegations that at the time they were made the defendant knew them to be untrue and they were made for the purpose of inducing the defendant to enter into the settlement agreement. Accordingly, I find the first cause of action to be sufficient.

The second cause seeks damages based upon the alleged breach of warranties, both express and implied, made in connection with the original purchase of the generating sets. The dismissal of this cause was predicated upon the conclusion that the settlement agreement constituted an accord and satisfaction and that the original warranties were thereby terminated. Concluding, as I do, that a sufficient cause for rescission of this settlement agreement is made out, then until such issue is determined the settlement agreement cannot be deemed to be a bar to this cause of action. Moreover, even were the settlement agreement impervious to rescission there is in it no language so clearly demonstrative of an intention by the plaintiff to "release" the original warranties as would permit a dismissal at this stage in the absence of the taking of proof with respect thereto. However, it has been urged that the merger clause in the original sales agreement bars the assertion of the warranties here alleged. While the merger clause limits liability upon warranties either express or implied to those provided in the agreement, such limitation applies only to warranties "with respect to workmanship and material." The warranties which are the subject of this cause of action are directed not to "workmanship and material" but rather to the capacity, life and suitability of the equipment with respect to the use for which they were purchased. The "workmanship and material" of these generating sets could well have been as warranted but the sets could nonetheless have failed to meet the alleged warranties as to performance. For the foregoing reasons I believe the second cause of action is sufficient.

The fourth cause alleges that the plaintiff was fraudulently induced to enter into the 1948 sales agreement and seeks money damages as a result thereof. Its dismissal was also predicated upon the conclusion that the settlement agreement served as an accord and satisfaction of all claims. As aforesaid with respect to the second cause of action, the possibility that rescission may eventuate prevents such agreement from being a bar to this cause of action. Moreover, even were there to be no rescission, the language of the settlement agreement is not such as to warrant a dismissal at this stage of the litigation by reason of a "release" of the fraud claim. Whether the "release" is broad enough to do so is a matter to be resolved upon a trial. All of the elements essential to a fraud action having been pleaded this cause should be permitted to stand as sufficient.

The fifth cause of action, sustained by Special Term but dismissed by the majority of this court, alleges that in 1952 the plaintiff observed cracks in two of the engines powering several of the generating sets. The defendant allegedly inspected the same and recommended that steel rail mounts be installed. It was represented that such rails would render the sets capable of normal functioning as originally warranted. Here again the essential allegations with respect to the falsity of the representations, *scienter*, reliance and damage are sufficiently pleaded. Plaintiff and defendant entered into an agreement for the defendant to sell such rails to plaintiff and to direct their installation. The defendant having been unable to supply them, the plaintiff, in reliance upon such representations, purchased the rails from a third party and had them installed at its expense.

The fact that the agreement for the defendant to sell the steel rails failed of fruition is not fatal to plaintiff's cause of action in fraud. Accepting the allegations in the complaint with respect to the warranties concerning the generating sets to be true, there was a duty owing from the defendant to the plaintiff with respect thereto. Consequently the plaintiff had a right to rely upon the representations made by the defendant with respect to what was necessary to cure the alleged defects. It is of no consequence with respect to this cause of action, founded as it is in fraud, that the defendant itself did not sell and install the rails. Of consequence are the allegations of the plaintiff that the defendant knew at the time they made the representations with respect to the rails that they were false. In the circumstances alleged the plaintiff had every right to rely upon the representations made by the defendant in the light of the latter's expertise and contractual obligations and the defendant in making such representations should have realized that not only would plaintiff rely thereon but that it would take further action and make expenditures by reason of such reliance.

While it is true that this cause of action does contain allegations concerning the failure of the generating sets to meet the warranted specifications, it also contains sufficient allegations to the effect that the installation of the rails was falsely represented as being the means whereby the defects would be cured and the sets caused to perform as specified. Accordingly, I believe Special Term to have been correct in holding this cause of action to be good.

While I concur in the result that the sixth cause of action was properly dismissed I do so only because I find it to be duplicative of the second cause of action. The addition of allegations to the effect that the settlement agreement did not affect the original sale warranties adds nothing but would appear to be merely in avoidance of anticipated defenses.

The seventh cause alleges fraud in the inducement of the execution of the settlement agreement. This cause is essentially the same as the first cause of action except that here money damages are sought rather than the rescission sought in the first cause. For the same reasons given with respect to the sufficiency of the first cause of action I deem this cause likewise to be sufficient.

The ninth cause of action seeks damages sustained by reason of the alleged breach of express and implied warranties made in connection with the sale of the generating sets installed at the plaintiff's Newport plant. These warranties were substantially the same as those referred to in the previous causes of action concerning the Nogales plant and likewise included one to the effect that the sets would be capable of continuous operation for 30 years.

Summary judgment was granted defendant on this cause in that the six-year Statute of Limitations had expired prior to the commencement of this action. I cannot agree that the Statute of Limitations is a bar. As indicated, one of the warranties alleged was that the machinery would function for 30 years.

The claim of the plaintiff is that there was a "breakdown" at the end of 6½ years. It is also alleged — and we must accept these allegations as being true — that "The defects and deficiencies in the generating sets hereinabove alleged and the breach of defendant's warranties were not discoverable upon inspection or test of the said generating sets and were discoverable only after several years of operation and were, in fact, not discovered by plaintiff until on or about August 5, 1954."

It is urged that the cause of action, if any, arose at the time of the sale or installation. The basis for such conclusion is that at that time the generating sets either were constructed to last for 30 years or they were not and if not, the breach then and there occurred. I cannot agree. The complaint must be construed liberally. The warranty, as alleged, must be construed as being promissory in nature and as continuing for the period alleged. It may well be that if at any time during that period the breach became discernible, the cause of action for breach thereupon accrued. To hold otherwise would mean that no warranty could extend beyond six years from the date of sale or delivery. While I recognize the general rule in this State to be that a cause of action for breach accrues at the time of sale, such time of accrual is not applicable in all cases (see *Woodworth* v. *Rice Bros. Co.*, 110 Misc. 158, affd. 193 App. Div. 971). In a case such as this — where the alleged warranty by its terms is addressed to performance for a period beyond that of the limitation period — the breach of such warranty must perforce be enforcible beyond the statutory period. Accordingly, I would hold that the time of the commencement of the running of the statute in this case is a question of fact that can only be determined after trial. Likewise the allegations with respect to the warranty and the alleged breach thereof raise issues of fact to be tried and the granting of summary judgment was improper.

Valente, Stevens and Steuer, JJ., concur in *Per Curiam* opinion; Eager, J., dissents in part in memorandum; Rabin, J. P., dissents in part in opinion.

Order and judgment modified, on the law, by striking the fifth cause of action with permission to serve an amended complaint consisting of the fifth cause of action repleaded as indicated and, as so modified, affirmed, with costs to defendant-respondent-appellant.