Matthew J. Jasen, J.
Pursuant to CPLR 3211 defendant moves to dismiss the complaint upon the ground that the causes of action set forth in the complaint are barred by the Statute of Limitations or fail to state a cause of action.
It appears that the defendant is a corporation engaged in the business of preparing, certifying and selling abstracts of title. On March 9, 1956, an abstract of title, bearing number 75763 covering certain premises owned by the plaintiffs, was prepared *987 and certified by the defendant to be a correct and complete abstract of title showing all references appearing on the ‘ ‘ indices to the records, papers, files and documents in the office of the Clerk of the County of Erie,” up to and including said March 9, 1956.
On May 6, 1958, at the request of the plaintiffs, the defendant continued said abstract of title, bearing number 14604 up to and including May 6,1958.
The certificate covering the said continuation, reads as follows: “Upon continuation of the foregoing certificate since March 9, 1956, the following set-outs designated by marginal numbers 33 to 40, inclusive, show all references that appear upon said indices as affecting the title to premises particularly described below in said Abstract, and such certificate for a valuable consideration is re-issued with this certificate to John and Mary Cecala and Norman and Lena LoPresto their successors in interest of record this 6th day of May, 1958 at-o’clock —M. No search against grantees in Nos. 33, 34, 35, 36, 38, 39 and 40 below.”
On October 18,1961, the plaintiffs discovered that the abstract of title and the continuation thereof did not disclose an outstanding interest of record held by the Village of Angola, dated February 27, 1925 in part of said premises certified by the defendant.
By virtue of defendant’s failure to set forth the said 1925 conveyance, plaintiffs seek to recover damages. The action was commenced on May 3,1963.
The complaint herein contains five separate causes of action. Two causes are founded upon the preparation of the abstract in 1956 and three causes of action are based upon the continuation of the abstract in 1958. Defendant contends that inasmuch as the “ first ” cause of action seems to allege a combination of negligence and breach of warranty arising out of the preparation of the first abstract of title, dated March 9,1956, it is barred by the six-year Statute of Limitations. The “ second ” cause of action which appears to parallel the “ first” except that it is based upon the continuation of the abstract of title, dated May 6, 1958, is barred insofar as negligence is concerned by the three-year Statute of Limitations.
As to these two causes of action the plaintiffs contend that the complaint sets forth a cause of action in fraud and that the Statute of Limitations is six years from the discovery of the fraud.
It is argued that a cause of action founded on fraud may lie against the title company for gross errors in a title search *988 (Ultramares v. Touche, 255 N. Y. 170; Goodman v. Title Guar. Co., 11 A D 2d 1003.)
Although the first two causes of action do not specifically allege fraud as such, the allegations do state in substance a cause of action to sustain an inference of fraud.
The question presented is not whether the plaintiffs will be able to establish their burden of proof as to fraud within the holding in the Ultramares and Goodman cases (supra), but whether the first two causes of action, based on fraud, as the court has construed, are barred by the Statute of Limitations.
This court is of the opinion that these causes of action are not barred since the statutes (CPLR 206, subd. [c] and 213, subd. 6) require that the action be commenced within six years from the discovery of the fraud.
The “third” cause of action, which alleges a breach of express warranty based on the first abstract of title, dated March 9, 1956, is barred by the Statute of Limitations (CPLR 213, subd. 2) since the cause of action set forth therein was not commenced within six years from the date (March 9,1956) the cause of action accrued.
The plaintiffs’ position is that the warranty is prospective in nature, and the cause of action arises on discovery (Oct. 18,1961) of the breach of warranty. (Woodworth v. Rice Bros. Co., 110 Misc. 158, affd. 193 App. Div. 971, affd. 233 N. Y. 577.)
The Woodworth case (supra), relied upon by the plaintiffs, involved the sale and warranty of trees. There, performance was delayed until the trees blossomed and of necessity the warranty was prospective in order not to deprive the plaintiffs of an opportunity to discover any breach of contract at such later date.
However, here we have a situation involving personal services in the form of the preparation of an abstract of title. Upon the performance of the service and the continuation of the abstract of title, the contract was completed.
It appears clear that the Statute of Limitations commences upon the completion of a contract, and not upon discovery of the alleged breach of a contract. (Schwartz v. Heyden Newport Chem. Corp., 12 N Y 2d 212; Seger v. Cornwell, 44 Misc 2d 994.)
The court is well aware of the difficulty in discovering errors in an abstract of title of the nature alleged to have been committed in this case, but in view of the holding in the Schwarts case (supra), the law should be changed by legislative enactment.
Finally, the defendant argues that the “ second ”, “ fourth ” and “ fifth ” causes of action, relying on the continuation of *989 the abstract of title, dated May 6, 1958 should be dismissed for failure to state a cause of action.
The defendant does not dispute that in proper cases, the abstractors of title may be liable for negligence, breach of warranty or breach of contract for failure to indicate an outstanding interest of record in real property in its certificate of title. (Registered Country Homebuilders v. Stebbins, 14 Misc 2d 821.) However, it is contended that the defendant cannot be held responsible for any negligence, breach of warranty or breach of contract which did not occur in its continuation of the abstract of title from March 9,1956 to May 6,1958. By showing all references in the indices subsequent to March 9, 1956, the defendant did all it agreed to do in contracting to continue the abstract of title in May, 1958 and therefore the defendant maintains, cannot be held responsible by reason of the continuation in May, 1958, for any errors or omissions which occurred when the search was originally prepared and certified in March, 1956.
Ordinarily, an abstractor, who contracts to bring up to date an abstract of title previously made, is only expected and required to examine and certify as to matters which appear on the records during the intervening period, and in such event his liability would be limited to such errors or omissions as were made in the continuation of the abstract.
If, however, the abstractor undertakes to reissue the abstract which he had previously prepared, and he then represents and certifies that it is a complete summary of all the records affecting the title from the beginning to the time of reissue, the abstractor would be liable, not only for omissions and errors in the continuation of the abstract, but for those in the original abstract.
The question before the court is how the continuation search and certificate, made by the defendant under its contract of employment by the plaintiffs, must be construed.
The certificate which the defendant prepared and delivered to the plaintiffs certified that the previous certificate dated March 9, 1956, “ is re-issued with this certificate to John and Mary Cecala * * * this 6th day of May, 1958 ” (emphasis supplied).
Construing the language used and particularly the word ‘1 re-issued ’ clearly indicates that the former certificate thus became part and parcel of the later certificate. The reissuance of the former certificate by the later certificate, repeated, continued and extended the alleged omission or error made by the abstractor in the former abstract.
*990 Certainly in reading the later certificate, the plaintiffs or their attorney in examining the abstract of title, would be justified in relying on the last certificate and the former one to which it referred, that the abstract was accurate and complete as to all records pertaining to subject premises.
Motion to dismiss complaint granted only as to the “ third ” cause of action and as to the other causes of action, denied.