■ ROSE MITTASCH, Appellant, v. SEAL LOCK BURIAL VAULT, INC., et al., Respondents.— In an action to recover damages for breach of an express warranty, plaintiff appeals from an order of the Supreme Court, Nassau County, dated July 26, 1972, which (1) denied her motion to dismiss each defendants' defense of the Statute of Limitations and (2) granted defendants' separate cross motions for summary judgment dismissing the complaint on the ground of said defense. Order modified by striking therefrom the decretal provision granting the cross motions and substituting therefor a provision denying the cross motions. As so modified, order affirmed, without costs. In October, 1958 plaintiff purchased a casket and burial vault from defendant John J. McManus & Sons to inter the body of her deceased husband. According to plaintiff, McManus guaranteed that the vault was free from material defects and faulty workmanship and would prevent water and other foreign matter from entering. In addition, McManus sold the vault with a "certificate of assurance" issued by the manufacturer, defendant Seal Lock Burial Vault, Inc., which provides, in pertinent part, as follows: "We hereby certify that this Vault is free from material defects or faulty workmanship and *will give satisfactory service at all times*" (emphasis added). In June, 1970, 12 years after the sale, plaintiff sought to transfer the body of her deceased husband to another cemetery. Upon exhumation, however, it was discovered that water, vermin and other matter had leaked into the vault causing damage to the casket and decomposition of the body. In December, 1970, six months after discovery of the leak, plaintiff commenced this action. Defendants denied the material allegations of the complaint and interposed the affirmative defense of the Statute of Limitations. Thereafter, plaintiff moved to strike this defense and defendants cross-moved for summary judgment. Special Term held that plaintiff's cause of action accrued on the date of sale in October, 1958 and that the

six-year Statute of Limitations applicable at that time (former Civ. Prac. Act, § 48, subd. 1) barred her action. We disagree. Where a warranty relates to the quality of the goods at the time of sale, the breach occurs and the cause of action accrues on the date of sale (*Mendel* v. *Pittsburgh Plate Glass Co.,* 25 N Y 2d 340, 344; *Schwartz* v. *Heyden Chem. Corp.,* 12 N Y 2d 212, 215; Uniform Commercial Code, § 2–725, subd. [2]). However, it has long been recognized that where a breach of a prospective warranty is concerned, the cause of action accrues when the breach is or should have been discovered (*Woodworth* v. *Rice Bros. Co.,* 110 Misc. 158, 161–162, affd. 193 App. Div. 971, affd. 233 N. Y. 577; cf. *Allen* v. *Todd,* 6 Lans. 222, 224; Uniform Commercial Code, § 2–725, subd. 2; 1 Williston, Sales [rev. ed., 1948], § 212a, p. 550). This discovery rule has not been abrogated by *Citizens Utilities Co.* v. *American Locomotive Co.* (11 N Y 2d 409). The portion of the opinion in that case which appears to enunciate a different rule expresses the views of Chief Judge Desmond. Three Judges concurred in a separate opinion and three other Judges dissented. Accordingly, it is our view that Chief Judge Desmond's opinion is not *stare decisis* on this issue and not binding on this court. In our opinion defendants' warranty that the burial vault would give " satisfactory service at all times " explicitly extended to future performance. Moreover, the very nature of the product implies performance over an extended period of time. Accordingly, the cause of action accrued upon discovery of the breach in 1970 rather than on the date of sale in 1958 (*Woodworth* v. *Rice Bros. Co., supra*; cf. *Allen* v. *Todd, supra*; Uniform Commercial Code, § 2–725, subd. [2]). Latham, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.