OPINION OF THE COURT
Richard C. Wesley, J.
In the instant matter, the defendants comprise a group of builders who constructed homes with allegedly defective siding systems. Each of the plaintiffs purchased a home directly from one of the defendants. Each plaintiff purports to represent a class of individuals who purchased a home from one of the defendant builders and has similarly damaged siding. No motion for class certification has been made.
The defendants move to dismiss on a number of theories including Statute of Limitations, res judicata law of the case and standing. The instant action represents a continuation of prior suits against these same defendants. The current action has a different posture in that the named plaintiffs here were unnamed members of prior classes.
Specifically, the earlier action against Caldwell and Cook began as a class action represented by an individual named Ware. Ware was subsequently substituted by Butler as the named plaintiff. The Butler action began on March 26, 1981. The named plaintiffs here, Smith and Ascroft, were asserted class members of the Butler class.
In addition, a separate group of homeowners began a class action on February 2, 1982 against Caldwell and Cook. The named representative of that class action was Cicon. The named plaintiffs here, Huebner and Knowles, were asserted members of the previous Cicon class.
An earlier action was commenced against Domus Development on February 2, 1982. The named representative of the earlier class was Falbo. The named representative here, Wachtman, was an asserted member of the Falbo class.
*290 A prior class action against Ryan Homes began on February 2, 1982. The named representative of the earlier action was Meisenzahl. The current action against Ryan Homes is represented by Drews. Drews was an asserted member of the Meisenzahl class.
The first question that must be addressed is whether the instant actions are timely. The commodity alleged to be defective is home siding. All of the causes of action brought by the various plaintiffs allege some type of breach of warranty and therefore sound in contract. Actions based on contract law are governed by CPLR 213 (2). This section provides that "an action upon a contractual obligation or liability express or implied,” has a six-year Statute of Limitations. The fact that a six-year Statute of Limitations applies here is not in dispute. However, the parties differ in their application of this statute to the facts presented.
The defendants argue that the Statute of Limitations accrued on the date that each plaintiff accepted the deed for their particular property.
The plaintiffs base their claims on warranties which they deem to be prospective such that the Statute of Limitations did not begin to run until the alleged defect was discovered (citing Mittasch v Seal Lock Burial Vault, 42 AD2d 573 [2d Dept 1973]).
Based on this "discovery” interpretation of the accrual period for the Statute of Limitations, the plaintiffs conclude that they are entitled to the benefit of CPLR 203 (f). Application of CPLR 203 (f) to each class would effectively extend their limitations period two years from the date the breach was or should have been discovered. (CPLR 203 [f].)
As noted, plaintiffs rely on Mittasch v Seal Lock Burial Vault (42 AD2d 573, supra [2d Dept 1973]). Mittasch, however, involved the sale of goods. In Mittasch, the Second Department held: "Where a warranty relates to the quality of the goods at the time of sale, the breach occurs and the cause of action accrues on the date of sale * * * However * * * where a breach of a prospective warranty is concerned, the cause of action accrues when the breach is or should have been discovered”. (Supra, at 574.) In Mittasch, the express warranty related to a casket burial vault. The vault was sold with an assurance of satisfactory service at " 'all times’ ”. (Supra, at 573.)
Given the prospective assurance of the warranty in Mit *291 tasch, the court held that the Statute of Limitations did not accrue until discovery of the defect. (Supra, at 574.) Importantly, the court in Mittasch relied on the Uniform Commercial Code § 2-725 (2) which codifies the discovery Statute of Limitations applicable to the sale of goods where future performance is at issue. This section states: "(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party’s lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery must await the time of such performance the cause of action accrues when the breach is or should have been discovered.”
The instant matter involves the application of a discovery statute to real property and its appurtenances. To date, the UCC provides no codification of a discovery period relating to homes or their components.
CPLR 203 (f) is an innovation in New York jurisprudence. "It will apply most commonly in fraud cases”. (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C203:12, at 125.) CPLR 203 (f) operates in tandem with those Statutes of Limitation that provide for accrual of the cause of action on discovery; it does not operate alone to create a new standard of measure.
Case law in this area has construed that an owner’s claim of defective construction against a contractor accrues on the date the construction is completed. (State of New York v Lundin, 91 AD2d 343, 346 [3d Dept 1983], affd 60 NY2d 987; Cabrini Med. Center v Desina, 64 NY2d 1059, 1061 [1985].)
UCC 2-725 (2) has no application to real property or its appurtenances. CPLR 203 (f) has no application because the six-year Statute of Limitations applicable here (CPLR 213) is not itself a discovery statute. The above case law, commentaries and the statute itself demonstrate that the extension provided for by CPLR 203 (f) has no application to the instant actions. The plaintiff’s specific allegation of defective home siding and breach of warranty prevents the application of both UCC 2-725 (2) and CPLR 203 (f).
A review of the facts of the individual causes of action demonstrates that if one applies the six-year Statute of Limitations to the date the plaintiffs acquired the deed to their properties, only plaintiffs Smith and Huebner survive the six-year limitation. All of the other plaintiffs’ causes of action *292 expired before the previous class actions were initiated. The Statute of Limitations in Smith and Huebner were tolled by virtue of the fact that they obtained their properties in the late 1970’s and were members of the Butler and Cicon class actions which were commenced in the early 1980’s.
The complaints of plaintiffs Drews, Wachtman, Knowles and Ascroft are therefore dismissed with prejudice as barred by the Statute of Limitations.
The Smith and Huebner claims are affected by their former class membership. To resolve the instant motion to dismiss with regard to these remaining plaintiffs, intriguing questions concerning class actions in general must be analyzed.
It should be noted that New York’s class-action statutes and rules were derived from Federal models. Many parallels exist between New York’s CPLR 901 et seq. and the Federal Rules of Civil Procedure in the area of class actions. (Fed Rules Civ Pro, rule 23 et seq.; Siegel, NY Prac § 141.) Reliance in the instant action on Federal cases presents no inconsistency with New York law because the logic underlying the Federal and State class-action statutes is very similar. The Federal system, the forerunner in class-action developments, presents case law relevant to the instant action, where to date there are no New York decisions.
Under American Pipe & Constr. Co. v Utah (414 US 538 [1974]), the filing of a class-action complaint tolls the Statute of Limitations as to all class members. ”[A]bsent class members are parties to the litigation for certain purposes but not others.” (1 Newberg, Class Actions § 1.08 [2d ed 1985] [hereinafter cited as Newberg].) This distinction allows unnamed class members to be bound by decisions affecting the class, but frees these same parties from the necessity of filing briefs, papers and otherwise attending to the litigation of their lawsuit. (1 Newberg, op. cit., § 1.08, at 14.)
Federal courts have held that when a class is not certified, unnamed plaintiffs are not subject to res judicata effects of judicial decisions pertaining to the class. (3 Newberg, op. cit., § 16.21, at 332, n 236.) Based on this general rule, the plaintiffs correctly argue that the Statute of Limitations tolls once a complaint is filed, and until class certification is granted, decisions pertaining to the named class representatives will not extend to class members. (3 Newberg, op. cit., § 16.21, at 332; also see, op. cit., § 16.23.)
*293 At least one Federal court, however, has ruled that an uncertified class would be subject to the res judicata effects of a decision because all parties to the action treated the litigation as if the entire class was to be affected. (Senter v General Motors Corp., 532 F2d 511, 520-522 [6th Cir 1976], cert denied 429 US 870 [1976].)
In General Tel. Co. v Falcon (457 US 147, 160 [1982]), the Supreme Court noted, "Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation”. "This flexibility enhances the usefulness of the class-action device”. (Supra, at 160.) "[T]he class determination generally involves considerations that are 'enmeshed in the factual and legal issues comprising the plaintiff’s cause of action.’ ” (Coopers & Lybrand v Livesay, 437 US 463, 469 [1978].)
Defendants can monitor the status of class actions and move for decertification in appropriate cases on their own motion. (Sessum v Houston Community Coll., 94 FRD 316 [SD Tex 1982].) In fact, one court raised and disposed of a class certification motion on its own initiative. (Fields v Village of Skokie, 502 F Supp 456 [ND Ill 1980].) These examples demonstrate that certification or decertification results from an affirmative review of the factual and legal issues presented by a particular cause of action. Once a class has been certified, the process of decertification does not occur automatically; a motion must be made by a party or the court to initiate judicial review.
In the Falbo and Meisenzahl class actions, Judge Houston refused to certify the causes of action in the amended complaint. No subsequent successful certification motion was made with respect to the amended complaint; therefore, Houston’s decision affecting the named plaintiffs does not serve as issue preclusion to the unnamed class members, such as Wachtman and Drews.*
The important question remaining is whether the surviving plaintiffs, Smith and Huebner, who were unnamed members of the Butler and Cicon classes, are free from the res judicata effects of judicial decisions in the earlier class actions.
Critical to the resolution of this motion is the fact that the Butler and Cicon cases were not before Judge Houston and were not part of his order affecting the Falbo and Meisenzahl *294 classes. Furthermore, the Butler and Cicon classes were certified. In fact, the defendants appealed the certification and lost. No motion was ever made by either party to decertify the classes based on the amended complaint, nor did any court on its own motion rule on the certification aspect of the Butler and Cicon classes as a result of the amended complaint.
To free themselves from issue preclusion, the plaintiffs attempt to apply the decertification result in Falbo and Meisenzahl actions to the Butler and Cicon classes. The plaintiffs argue that the filing of amended complaints in 1984 (in Butler and Cicon) which contained causes of action similar to those filed in Falbo and Meisenzahl, automatically decertified the Butler and Cicon classes.
The plaintiffs’ argument fails because the critical step of judicial review is missing with regard to the amended complaints in Butler and Cicon. No one made a motion for decertification, nor did any court initiate such a motion.
Decertification of a class does not flow automatically from the filing of pleadings. If a class action becomes automatically "decertified” with an amendment to the complaint, the ultimate results would always be bifurcated; with only the unnamed plaintiffs in the certified portions of the complaint benefiting from the use of the class action mechanism. Such a result flies in the face of the reason for initiating a class action in the first instance (i.e., to adjudicate all claims of many individuals at the same time.)
In July of 1985, Justice Tillman ruled on many of the causes of action in the Butler and Cicon cases. The decision allowed the Butler and Cicon classes to replead certain warranty claims.
CPLR 205 (a) allows a period of six months from dismissal to replead a cause of action. During this period of time, the warranty causes of action in the Butler and Cicon classes were not repleaded.
In May of 1987, the plaintiffs in Butler and Cicon filed a motion for leave to replead the warranty causes of action in an amended complaint. The motion was an attempt to comply with Justice Tillman’s decision. Justice Cornelius correctly dismissed the breach of warranty claims submitted by Butler and Cicon as untimely under CPLR 205 (a).
Even though the filing of an amended complaint did not decertify any portion of the Butler or Cicon class actions, the res judicata effects of Judge Cornelius’ decision cannot extend *295 to any unnamed plaintiffs, such as Smith and Huebner, unless it can be said that the classes in Butler and Cicon were adequately represented and were afforded due process. (3 Newberg, op. cit., § 16.21, at 329.)
The classes currently represented by Smith and Huebner have the same counsel today as members of the Butler and Cicon classes. Those classes were certified and counsel successfully defended certification at the appellate level. Obtaining timely certification is a factor that has historically been weighed heavily by courts in determining whether a class had adequate representation. (1 Newberg, op. cit., §§ 4.46, 4.47, 4.58.) As the Supreme Court noted in Hansberry v Lee (311 US 32, 42-43 [1940]), "It is familiar doctrine of the federal courts that members of a class not present as parties to the litigation may be bound by the judgment where they are in fact adequately represented by parties who are present”.
"Adequate representation is usually present when a class representative with typical claims or defenses has no conflict of interest with other members of the class, and the court is satisfied that the class action will be vigorously prosecuted.” (1 Newberg, op. cit, § 4.46, at 377.) This court has reviewed all of the pleadings in the instant matter, as well as the decisions and pleadings from the past actions. No conflict of interests is apparent. The long history of the Butler and Cicon actions speak for themselves in terms' of "vigorous prosecution”.
Even with adequate class representation, due process requires that a judgment in a class action serves as issue preclusion in subsequent litigation only if the following factors are present: the parties are the same; the cause of action is the same; and the matters in the litigation were raised or could have been raised in the previous litigation. (3 Newberg, op. cit., § 16.21.)
Here, the named plaintiffs, Smith and Heubner, wore unnamed class members of the Butler and Cicon classes who brought an action against this same defendant, Caldwell and Cook in 1981 and 1982, respectively. The complaint in the instant matter asserts the same warranty claim raised in the earlier action. Justice Tillman found the warranty claims insufficient, but allowed the plaintiffs in those actions to replead. The same parties have asserted the same cause of action that was raised in earlier litigation.
Instead of repleading the warranty causes of action pursuant to the direction given by Justice Tillman, the statutory *296 time lapsed and a new motion was brought before Justice Cornelius, which was dismissed. The existence of the three factors enumerated above and the dismissal by Justice Cornelius, bars this attempt by Smith and Huebner to relitigate the same warranty causes of action here.
This court finds that the prior classes of Butler and Cicon received adequate representation. Furthermore, due process considerations have been satisfied and the principles of res judicata apply to the unnamed members of the Butler and Cicon classes. The prior unnamed members are bound by Judge Cornelius’ decision of dismissal, and the Smith and Huebner complaints are barred from further litigation. The complaints are dismissed with prejudice.
Domus Development Corporation and Domus Homes, Incorporated have cross-moved for attorney’s fees pursuant to CPLR 8303 (a). The statute allows the court in its discretion to set attorney’s fees in actions for personal injury or property damage that are deemed frivolous. This action is complex and defendant Domus has had to repeatedly defend actions similar to the one at bar. The injury complained of in this action is mainly economic in nature and not strictly property damage. Furthermore, there is no direct evidence of bad faith on the part of the plaintiffs. Attorneys’ fees are denied.

 Regardless of the result of Judge Houston’s decision on the Falbo and Meisenzahl classes, however, plaintiffs Wachtman and Drews are barred from further litigation here by the Statute of Limitations.