■ STATEN INVESTORS GROUP et al., Appellants, v MICHAEL I. SCHAFFER, Respondent.—In an action to recover damages for violation of the Donnelly Act (General Business Law § 340) and for malicious prosecution, the plaintiffs appeal from an order of the Supreme Court, Richmond County (Amann, J.), dated January 29, 1988, which granted the defendant's motion to dismiss the complaint.

Ordered that the order is modified by deleting the provision thereof which granted that branch of the defendant's motion which was to dismiss the second cause of action asserted in the complaint, and substituting therefor a provision denying that branch of the defendant's motion; as so modified the order is affirmed, with costs to the plaintiffs, and the defendant's time to answer the second cause of action asserted in the complaint is extended to 20 days after service upon him of a copy of this decision and order with notice of entry.

The plaintiffs' first cause of action was previously asserted against the defendant in a Federal action which was terminated by the plaintiffs in the Federal action, all of whom are parties plaintiff in the instant action, upon the filing of a dismissal with prejudice in accordance with Federal Rules of Civil Procedure, rule 41 (a) (1). Consequently, the first cause of action was properly dismissed on the grounds of res judicata since the termination of the Federal action constituted a final disposition on the merits *(see, Astron Indus. Assocs. v Chrysler Motors Corp.,* 405 F2d 958, 960). However, since the second cause of action, alleging malicious prosecution, did not accrue until approximately five months after the commencement of the Federal action, it was not asserted against the defendant in the Federal action.

The defendant argues that this second cause of action should also be barred by res judicata on the basis of the plaintiffs' voluntary dismissal of the Federal action because the plaintiffs could have amended the Federal complaint to

include the cause of action which arose out of the same transaction *(see, Stoner v Culligan, Inc.,* 32 AD2d 170).

Applying the criteria set forth by the Court of Appeals in *Smith v Russell Sage Coll.* (54 NY2d 185, 192-193, *rearg denied* 55 NY2d 878), and upon reviewing the facts underlying the two causes of action, we find that the entire "transaction" did not form a "convenient trial unit" which the parties would have reasonably expected to be tried together. Accordingly, the plaintiffs' second cause of action should be reinstated.

Having examined the plaintiffs' other contentions, we find them to be without merit. Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.