■ BERNARD OUZIEL, Respondent, v EDWARD F. COYLE, Appellant.—In an action to recover damages for fraud, the defendant appeals from an order of the Supreme Court, Nassau County (Burke, J.), dated April 26, 1989, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's motion for summary judgment is granted, and the complaint is dismissed.

In September 1985, the plaintiff invested in the S & P 100 Index Income Strategy program developed by Shearson Lehman Brother's Inc. (hereinafter Shearson Lehman). By late December 1985, he closed out the account after incurring substantial losses. The plaintiff then commenced an action in the United States District Court for the Eastern District of New York naming as the defendants Shearson Lehman, Senior Vice-President Richard Leathers, and Second Vice-President Joseph Ferrari.

The plaintiff's complaint essentially alleged that these defendants misrepresented to him that unless the Dow Jones Industrial Average varied by more than 200 to 225 points, his participation in the investment program would generate income. Even though the Dow Jones Industrial Average did not fluctuate by more than 225 points, the plaintiff lost almost one third of his assets. The claims asserted against these defendants were: violations of the Securities Exchange Act of 1934 § 10 (b) (15 USC § 78j [b]), common-law fraud, breach of fiduciary duty, and breach of contract.

The Federal court granted the defendants' motion to compel arbitration of the plaintiff's claims. A three-day hearing was held before a five-member panel at the offices of the New York Stock Exchange. One of the witnesses produced by the defendants in the Federal action was Edward Coyle, the defendant herein. Coyle testified that pursuant to his responsibilities as second vice-president of Shearson Lehman, he typically reviewed documents submitted in connection with new accounts for completeness. He reviewed the plaintiff's account information form. After talking to a financial consultant and after reviewing a letter of acknowledgment of risk signed by the plaintiff, Coyle completed the form by marking the box "Short Term Capital Gains Involving a High Degree of Risk and Trading Activity" under the heading "Investment Objectives".

The arbitration panel determined that the plaintiff was

entitled to damages equaling approximately one half of his investment losses from Shearson Lehman. The claims against Leathers and Ferrari were dismissed. This award was confirmed by the Federal court.

The plaintiff then commenced the instant action against Coyle. In his complaint he asserted that without his knowledge or consent, Coyle fraudulently placed an additional mark on his account information form. He claimed that, in fact, his only investment goal was to earn income. Coyle's answer denied the plaintiff's material allegations and set forth, *inter alia,* the affirmative defenses of res judicata and accord and satisfaction.

Under New York's transactional analysis approach to res judicata, "once a claim is brought to a final conclusion, all other claims * * * are barred even if based upon different theories or if seeking a different remedy" *(O'Brien v City of Syracuse,* 54 NY2d 353, 357; *see, Slavin v Fischer,* 160 AD2d 934). The basis for the instant action is the allegation that the plaintiff was drawn into participating in an investment program which involved risk he was unwilling to undertake. This was essentially the basis for the complaint in the prior proceeding, which resulted in the plaintiff recovering one half of his investment loss. In fact, in each proceeding the plaintiff sought the same relief: recoupment of his full investment loss.

We find that insofar as the same foundation facts served as a predicate for each proceeding and since the plaintiff suffered only one injury as a result of the acts complained of, which has already been compensated by the recovery obtained in the prior proceeding, the instant action is barred *(see, Velazquez v Water Taxi,* 49 NY2d 762; *Matter of Reilly v Reid,* 45 NY2d 24; *see also, Zarcone v Perry,* 78 AD2d 70, *affd* 55 NY2d 782, *cert denied* 456 US 979). Brown, J. P., Kooper, Harwood and Balletta, JJ., concur.