*309 OPINION OF THE COURT
Peter Tom, J.
Plaintiff Jerome J. Steiker Co., Inc. (Steiker) moves for summary judgment on the grounds that no triable question of fact exists, and that defendants’ affirmative defenses lack merit. Defendants cross-move for summary judgment dismissing the complaint based on the doctrine of res judicata.
Steiker, a licensed mortgage broker in New York, is engaged in the business of arranging loans and other methods of financing for third parties, which loans and financing are secured by mortgages on real property. In or about July 1989, defendant Eccelston Properties Ltd. (Eccelston), by its president, defendant Jay Landesman, engaged the service of Steiker in which plaintiff secured a $5,700,000 loan commitment for Eccelston relating to a shopping mall owned by Parliament-Roebling, Inc. (Parliament) in Texas.
In April 1990, Steiker entered into a written agreement with Eccelston acknowledging Eccelston and Parliament’s obligation to pay Steiker a commission in the sum of $57,107.55 plus interest for obtaining a first mortgage on the shopping mall. The agreement provided that payment of the obligation would be made in six equal monthly installments. Eccelston defaulted in the payment of Steiker’s commission.
Plaintiff commenced the instant action to recover its commission under the agreement, for breach of contract and on the basis of quantum meruit or unjust enrichment. The complaint also alleges fraud on the part of Landesman.
The defendants’ answer raises affirmative defenses of lack of jurisdiction, failure to state a cause of action, Statute of Frauds, and that plaintiff’s cause of action is "based upon a debt that has been either discharged in bankruptcy or is effected by a plan of reorganization in a pending joint bankruptcy matter.”
The defendants in the cross motion seek to dismiss the complaint upon the ground of res judicata, based on the confirmation of a chapter 11 plan of reorganization (11 USC ch 11) by the United States Bankruptcy Court for the Eastern District of Texas, Beaumont Division.
The bankruptcy proceeding was initiated by Parliament on January 2, 1991. The Parliament proceeding was consolidated by the Bankruptcy Court with another voluntary petition filed by Groves Associates, Ltd. (Groves). Parliament and Groves jointly proposed a second amended chapter 11 plan of reorga *310 nization which was confirmed by the Bankruptcy Court on August 28, 1991. The second amended plan contains the following provision: ”4.11 The rights afforded in this Plan to holders of Claims and Interests shall be in exchange for and in complete satisfaction of all existing Claims and Interests against Michael Donoghue, Jay Landesman, Parliament/Roebling, Groves/Roebling, Bristol, Groves Plaza, Windsor, Eccelston or any property of any of them, and all holders of Claims and Interests in the Debtor shall be precluded from asserting against Michael Donoghue, Jay Landesman, Groves/Roebling, Groves Plaza, Eccelston, Parliament/Roebling, Bristol, Windsor or the Estate Property, any further Claim based upon any act, omission or transaction of, by or with such parties or the agents, attorneys, officers, or employees of any of them that occurred prior to the Effective Date in connection with the business and affairs of the Debtor, except to the extent specifically provided in the Plan. Such satisfaction and release shall, however, be unconditional on Debtor’s performance and payment under the Plan.”
Thus, the plan by its terms purports to effect the discharge not only of the debtors Parliament and Groves, but of nondebtor parties, including Landesman and Eccelston. It is defendants’ position that the discharge of defendants in the confirmation of the plan acts as a bar to the present action. Landesman also maintains that no action can be brought against him personally for the obligations of Eccelston.
As a threshold matter plaintiff objects to defendants’ reliance on the doctrine of res judicata due to defendants’ alleged failure to plead res judicata as an affirmative defense in their answer. However, it is accepted that summary judgment may be granted on an unpleaded defense if there is no surprise or prejudice to the opposing party. (Williams Corp. v Roma Fragrances & Cosmetics, 121 AD2d 278, 279.) Even if the defendants’ answer does not specifically refer to the doctrine of res judicata, the language of defendants’ answer clearly gives plaintiff notice of defendants’ intention to rely on the bankruptcy proceeding as a bar to the present action. Defendants’ claim of res judicata in the instant motion is not a surprise nor does it prejudice plaintiff, and therefore, the cross motion shall be addressed.
Steiker in opposition to defendants’ cross motion maintains that the Bankruptcy Court had no power to discharge any party other than the debtors, Parliament and Groves, so that the language purporting to discharge nondebtor parties Eccel *311 ston and Landesman should be ignored, and not be given preclusive effect. Plaintiff cites the case of Union Carbide Corp. v Newboles (686 F2d 593 [1982] [7th Cir]), in support of its contention.
In the Newboles case (supra), the Circuit Court, citing section 16 of the Bankruptcy Act of 1898 (11 USC § 34), held that the Bankruptcy Court has no power to discharge the liabilities of a bankrupt’s guarantor. The court then went on and ruled that creditors’ approval of a chapter 11 plan or arrangement that purported to discharge debtor’s guarantors did not prevent the creditor from taking recourse against the guarantor even after confirmation of the plan by the Bankruptcy Court.
Section 524 (e) of the present Bankruptcy Code (11 USC) superseded section 16 with substantially similar language. Section 524 (e) states that "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt.”
While the Newboles court held that creditors who approved a chapter 11 bankruptcy plan that purported to discharge all claims against co-obligors and guarantors are not estopped from taking recourse against the co-obligors or guarantors, the Circuit Court never addressed the issue which is raised in the instant case: whether a confirmed plan of reorganization discharging or releasing nondebtor co-obligors or guarantors constitutes a bar under the doctrine of res judicata to suits by creditors against the co-obligors and guarantors where the creditors were parties to or had an interest in the bankruptcy proceedings and yet failed to object to the plan or appeal the plan’s confirmation. The doctrine of res judicata was never raised nor addressed in the Newboles case (supra).
This precise issue was addressed by the United States Court of Appeals, Fifth Circuit, in the case of Republic Supply Co. v Shoaf (815 F2d 1046 [1987]).
The plaintiff creditor in Republic Supply Co. v Shoaf (supra), like Steiker, sought to litigate against the guarantor whose obligations on a debt were discharged by a duly confirmed plan of reorganization, along with those of the debtor. The guarantor argued that the confirmation of the plan acted as a bar to further litigation of his discharged debt, while the creditor sought to convince the court to apply 11 USC § 524 (e) and the ruling in Union Carbide Corp. v Newboles (supra).
The Shoaf court rejected the argument of plaintiff creditor and declined to either offer an interpretation of the plan *312 inconsistent with its clear and unambiguous intent, or to disregard the release provision. The court pointed out that plaintiff simply asked the court to interpret the plan so as to read it devoid of the objectionable provision discharging the debtor’s guarantor, since that is the only way to view the plan as being consistent with the bankruptcy law. The creditor urged that release of guarantors is beyond the authority of the Bankruptcy Court.
The court further noted that, "Although section 524 has generally been interpreted to preclude release of guarantors by a bankruptcy court, the statute does not by its specific words preclude the discharge of a guaranty when it has been accepted and confirmed as an integral part of a plan of reorganization” (Republic Supply Co. v Shoaf, supra, at 1050).
The Shoaf court determined that Republic, which had failed to object to or appeal from the confirmation order, was, in effect, "now seeking to appeal the confirmed Plan and asking us to review it on its merits” (supra, at 1050). Because "[(Questions of the propriety or legality of the bankruptcy court confirmation order are * * * properly addressable on direct appeal”, Republic was "foreclosed from that avenue of review because it chose not to pursue it” (supra). Consequently, the question of the plan’s application, rather than its interpretation, was the only issue before the court (supra). The Shoaf court found that confirmation of the plan in which creditors failed to object or take an appeal thereof barred further suit against the guarantors regardless of the correctness of that decision.
In the Shoaf decision (supra), the court addressed the New-boles case (supra), and stated that while the Newboles court reached a different conclusion the Shoaf ruling did not create a conflict between the Circuits. The Shoaf court in its opinion also assumes, as did the Seventh Circuit, that the Bankruptcy Court did not have subject matter jurisdiction to release the guaranty in question. However, the Shoaf court stated that the basis of its ruling is based solely on the doctrine of res judicata which was not raised nor addressed in Newboles (supra, at 1051). The Shoaf court further stated "that at least in the case of a bankruptcy court’s exceeding its statutory authority by releasing a guarantor of a debtor, the interest in finality surpasses any threat that courts will engage in drastic overreaching.” (Supra, at 1054, n 9.)
In the instant case, because this court did not issue the *313 confirmation order which purportedly discharged Landesman’s or Eccelston’s liability to Steiker, and because this court is not the proper avenue for appeal of that order, no collateral attack on the propriety of the plan will be permitted. Rather, the plan must be reviewed to determine whether under Federal standards of res judicata it serves as a bar to the present action despite its alleged legal infirmity.
Steiker’s argument that the case of Republic Supply Co. v Shoaf (supra) is not applicable in this instance is without merit.
There is no question that the doctrines of res judicata and collateral estoppel apply to decisions rendered in Federal Bankruptcy Courts. (Weldotron Corp. v Arbee Scales, 161 AD2d 708; Southmark Props. v Charles House Corp., 742 F2d 862, 869.) Where the judgment to be given preclusive effect is made in a Federal forum the scope of that judgment, including the applicability of principles of res judicata and collateral estoppel, are governed by Federal law. (Raffe v Doe, 619 F Supp 891, 896; compare, Schultz v Boy Scouts, 65 NY2d 189, 204 [under the Full Faith and Credit Clause of the Federal Constitution, judgments of foreign State courts are given the same conclusive effect as between the parties in New York as they would be given in States in which they were rendered].) This court notes that the Bankruptcy Court which confirmed the Parliament/Groves reorganization plan is located in the Eastern District of Texas, which is under the jurisdiction of the Shoaf court, Fifth Circuit Court of Appeals.
Res judicata will preclude litigation of an action due to a prior action when the parties in both suits are identical, the prior judgment was rendered by a court of competent jurisdiction, there was a final judgment on the merits and the suits involved the same cause of action. (Republic Supply Co. v Shoaf, supra, at 1051, citing Southmark Props. v Charles House Corp., supra, at 869.)
Plaintiff maintains that neither it nor either of the defendants was a party to the bankruptcy proceedings, and challenges defendants to submit any proof that Steiker ever filed a proof of claim. Steiker also claims that it "never appeared or received notice of any obligation to appear to contest the discharge of a party other than the debtor in the bankruptcy” (emphasis in original), and asserts that service of the amended plan was served upon "Steiker & Co.”, which is "an entity apparently different from the plaintiff Jerome J. Steiker Co., Inc.”
*314 Under 11 USC § 1141 (a), and subject to compliance with the requirements of due process under the Fifth Amendment, " 'a confirmed [sic] plan * * * is binding upon every entity that holds a claim or interest even though a holder of a claim or interest is not scheduled, has not filed a claim, does not receive a distribution under the plan, or is not entitled to retain an interest under such claim.’ ” (In re Henderberg, 108 Bankr 407, 410, citing 5 Collier, Bankruptcy ¶ 1141.01, at 1146-1 [15th ed 1989].)
It is not dispositive that Steiker may not have filed a proof of claim, or that the defendants were not debtors in the proceeding. Each had a "claim or interest” which was addressed in the proceeding. Steiker has not said that it did not appear in the proceeding with regard to the discharge of any named debtor and, in fact, has failed to deny receipt and acceptance of a share in the distribution called for under the plan.
The certificate of service for the "second amended plan, disclosure statement and fixing time for filing acceptances or rejections of plan, combined with notice thereof and setting confirmation” discloses that service was made upon Jerome Steiker, Steiker & Co., 488 Madison Avenue, 17th floor, New York, N.Y. 10022. Steiker does not deny that Jerome Steiker is its president, or that the documents were delivered to Steiker’s address and, in part, does not specifically state that it did not receive the documents. Steiker does not deny the receipt of a check as part of the distribution under the plan, which was delivered to the same address and made out to "Steiker & Co.” The check was endorsed by it under both "Steiker & Company” and "Jerome J. Steiker & Co., Inc.”, regardless of plaintiffs contention that Steiker & Co. is an entity "apparently different from the plaintiff.” Plaintiffs evasions do not suffice to establish any failure of due process, when it is apparent that plaintiff, as well as defendants, had an interest in the bankruptcy proceeding, and received notice of the terms of the plan sufficient to allow them an opportunity to object to that plan. Thus, the parties to the present action are identical to the parties in the bankruptcy proceeding, and the plan was final and binding as to them. (See, Republic Supply Co. v Shoaf, supra, at 1051.)
Under Republic Supply Co. v Shoaf (supra), the plan is to be considered as having been rendered by a court of competent jurisdiction regardless of the fact that the Bankruptcy Court may have acted in excess of its subject matter jurisdiction in *315 discharging nondebtor guarantors (supra, at 1051-1053). The Shoaf court based its decision on Stoll v Gottlieb (305 US 165 [1938]), in which the Supreme Court assumed that a Bankruptcy Court had lacked subject matter jurisdiction to discharge a guaranty, yet determined that a subsequent suit on the guaranty in State court could not be used to collaterally attack the Bankruptcy Court’s determination. The Stoll court stated, "[w]e see no reason why a court, in the absence of an allegation of fraud in obtaining the judgment, should examine again the question whether the court making the earlier determination on an actual contest over jurisdiction between the parties, did have jurisdiction of the subject matter of the litigation.” (Supra, at 172.) While the question of the Bankruptcy Court’s jurisdiction to discharge nondebtor parties was specifically addressed and litigated by the parties to that proceeding in Stoll v Gottlieb (supra), the Fifth Circuit determined that actual litigation of the issue was not necessary when the parties "had the opportunity to raise the question of jurisdiction” (Republic Supply Co. v Shoaf, supra, at 1052-1053). The Shoaf court, citing to Stoll v Gottlieb (supra, at 171-172), stated that " '[e]very court in rendering a judgment tacitly, if not expressly, determines its jurisdiction over the parties and the subject matter.’ ” (Republic Supply Co. v Shoaf, supra, at 1052.) Since the parties in Shoaf had the opportunity to raise the jurisdiction issue, and failed to make use of its option to appeal the Bankruptcy Court’s decision, the Shoaf court held that, for res judicata purposes, the order adopting the plan was rendered by a court of competent jurisdiction, one which had determined the matter of subject matter jurisdiction and which decision was not appealed (supra, at 1053).
In the present case Steiker only claims not to have received any notice "of any obligation to appear to contest the discharge” of nondebtors. It does not, and cannot, deny receipt of the documents mailed to Jerome Steiker, which contained the intended discharge of the guarantors. It was not up to the Bankruptcy Court to tell Steiker how to proceed, but up to Steiker to read the documents so as to determine whether or not to adopt or reject the plan. Steiker did nothing to oppose the plan’s confirmation, and failed to appeal that confirmation. Thus, it had the opportunity to contest the Bankruptcy Court’s subject matter jurisdiction, yet failed to act. The Bankruptcy Court "tacitly, if not expressly” determined that it had the jurisdiction to discharge the nondebtor guarantors, *316 and its determination was not appealed by Steiker. As a result, the plaintiff cannot now contest the competence of the Bankruptcy Court’s jurisdiction. (Republic Supply Co. v Shoaf, supra; see also, Flippin v Wilson State Bank, 780 SW2d 457 [Tex].)
The final element of res judicata involves determining whether the same cause of action is involved in the two suits, which requires application of a "transactional test”. (Republic Supply Co. v Shoaf, supra, at 1053.) Under this test the court must determine whether the confirmation of the plan "extinguishes the plaintiff’s claim pursuant to the rules of merger or bar” (supra, citing Southmark Props. v Charles House Corp., supra, at 870, n 12; Restatement [Second] of Judgments §24 [1]).
There can be little doubt but that the discharge of Eccelston and Landesman from "any further claim based upon any act, omission or transaction of, by or with such parties or the agents, attorneys, officers, or employers of any of them that occurred prior to the Effective Date in connection with the business and affairs of the Debtor”, is sufficient to bar litigation of Eccelston’s alleged debt to plaintiff based on the mortgage obtained for Parliament on Parliament’s property, as well as Landesman’s alleged debt to Steiker arising from his alleged wrongdoing in failing to turn over plaintiff’s fee to plaintiff following the closing of the mortgage. The court finds that Steiker’s claims in the present litigation "arose out of the same transaction that was the subject of the bankruptcy court’s order that relieved [the guarantor] of liability.” (See, Republic Supply Co. v Shoaf, supra, at 1054.)
As a result of the foregoing, the present action against Eccelston and Landesman is barred by the doctrine of res judicata based on the unopposed, and unappealed, confirmation of the plan of reorganization by the Bankruptcy Court.
Accordingly, the plaintiff’s motion for summary judgment is denied, and defendants’ cross motion for an order dismissing the complaint is granted.