■ JOEM INTERNATIONAL, LTD., et al., Plaintiffs, v SWEDWALL, INC., Defendant and Third-Party Plaintiff-Appellant. BGF INDUSTRIES, INC., Third-Party Defendant-Respondent. [627 NYS2d 51] —In an action, *inter alia,* to recover damages for breach of contract, the defendant third-party plaintiff appeals from an order of the Supreme Court, Nassau County (O'-Shaughnessy, J.), entered January 3, 1994, which granted the third-party defendant's motion for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly dismissed the third-party complaint against BGF Industries, Inc. (hereinafter BGF) on the grounds of res judicata. In a prior Federal action commenced by BGF seeking a declaration as to its obligations under an agreement with the third-party plaintiff Swedwall, Inc., Swedwall, Inc.'s, counterclaims were dismissed for failure to comply with a discovery order. That dismissal operated as an adjudication on the merits *(see,* Fed Rules Civ Pro, rule 41 [b], [c]). Subsequently, BGF was granted summary judgment and a judgment was entered in its favor.

Under New York's transactional-analysis approach to res judicata, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred even if based upon different theories or if seeking a different remedy" *(O'Brien v City of Syracuse,* 54 NY2d 353, 357; *Ouziel v Coyle,* 165 AD2d 868, 869). The claims asserted in the third-party complaint arise out of the same agreement which was at issue in the Federal action and are therefore barred.

BGF's application for attorneys' fees is denied. Balletta, J. P., Copertino, Altman and Goldstein, JJ., concur.