■ ROBERT LAVIGNA et al., Respondents, v CAPITAL CITIES/ ABC, INC., et al., Appellants, and GERENTE DE CONSTRUCTION, INC., Defendant. (And a Third-Party Action.) [665 NYS2d 410] —Order, Supreme Court, New York County (Norman Ryp, J.),

entered April 5, 1996, which denied defendants-appellants' motion to dismiss the complaint as barred by a Federal court stipulation of discontinuance, unanimously modified, on the law, to dismiss the complaint as against defendant WABC Television, Inc. (WABC), and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant WABC Television, Inc. dismissing the complaint as against it.

Since plaintiff never obtained an order from the Federal court in the prior action removing his then attorney, as required by former Local General Rule 3 (c) of the Southern and Eastern Districts of New York (current Rules of US Dist Cts for S and E Dists of NY, rule 1.4; *see, Hallmark Capital Corp. v Red Rose Collection*, 1997 WL 661146, 2, 1997 US Dist LEXIS 16328, *4 [SD NY, Oct. 21, 1997, Peck, J.]), counsel continued to represent plaintiff (*see, Fontaine v Ryan*, 849 F Supp 242 [SD NY]), and therefore was able to bind him to the stipulation "so ordered" by the District Court. That order, which was never vacated or appealed, cannot be collaterally attacked in State court. Because a stipulation of dismissal with prejudice in Federal court is an adjudication on the merits for purposes of res judicata (*see, Chase Manhattan Bank v Celotex Corp.*, 56 F3d 343, 345 [2d Cir]; *Staten Investors Group v Schaffer*, 147 AD2d 631), and because plaintiff's current State law claims against WABC, for personal injuries caused by exposure to toxic fumes at the workplace owned and maintained by WABC, require the same evidence as did his claims in the discontinued Federal action, the current claims against WABC are barred by res judicata (*see, Computer Assocs. Intl. v Altai, Inc.*, 126 F3d 365, 369-370 [2d Cir]). Plaintiff wife's loss of consortium claim against WABC is merely derivative of her husband's, and is therefore also precluded (*see, Liff v Schildkrout*, 49 NY2d 622, 632-633). Accordingly, the complaint as against WABC is dismissed. However, because the stipulation of discontinuance was expressly limited to WABC and another person not a party to this action, plaintiffs' instant claims as against defendants Capital Cities/ABC, Inc. and Lehrer McGovern Bovis, Inc. are not precluded. Concur—Sullivan, J. P., Ellerin, Wallach, Williams and Andrias, JJ.