■ WARMANN E. DIPOUMBI, Appellant, v NEW YORK CITY POLICE DEPARTMENT et al., Respondents. [51 NYS3d 872]—

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered March 8, 2016, which, after the submission of trial memoranda and oral argument, dismissed the complaint without trial, unanimously affirmed, without costs.

Plaintiff has conceded the nonviability of his claim for prima facie tort.

Plaintiff's remaining claims were barred by the doctrine of

res judicata (regardless of whether the state or federal tests are applied), as they were dismissed on the merits in a prior federal action (*see Dipoumbi v City of New York*, 2011 WL 5966461, 2011 US Dist LEXIS 137206 [SD NY, Nov. 28, 2011, No. 09 Civ 10162 (KBF) (DCF)]; *Insurance Co. of State of Pa. v HSBC Bank USA*, 10 NY3d 32, 38 [2008]; *Matter of People v Applied Card Sys., Inc.*, 11 NY3d 105, 122 [2008], *cert denied* 555 US 1136 [2009]). Plaintiff's attempted collateral attack on the federal court order is not properly before this Court (*see LaVigna v Capital Cities/ABC*, 245 AD2d 75, 76 [1st Dept 1997]).

In addition, plaintiff is bound by his then-counsel's withdrawal of all claims except prima facie tort earlier in the instant action. Even if counsel acted outside his actual authority, his actions are binding because he had apparent authority to withdraw these claims (*see Hallock v State of New York*, 64 NY2d 224, 230-231 [1984]).

All claims except false arrest and imprisonment should additionally be dismissed on the independent ground that they were not asserted in the notice of claim (*see* General Municipal Law § 50-e; *Scott v City of New York*, 40 AD3d 408, 409-410 [1st Dept 2007]; *Wanczowski v City of New York*, 186 AD2d 397 [1st Dept 1992]). This action does not fall within the "public interest" exception to the notice of claim requirement, as plaintiff alleges misconduct "related only to himself" and seeks "compensation for harm caused to him alone" (*Sager v County of Sullivan*, 145 AD3d 1175, 1177 [3d Dept 2016]; *accord Mills v County of Monroe*, 59 NY2d 307, 312 [1983], *cert denied* 464 US 1018 [1983]).

We have considered the remaining arguments and find them unavailing. Concur—Sweeny, J.P., Richter, Andrias, Feinman and Kahn, JJ.